## Case No. 8,017.

LAMB et al. v. KAMM et al.

[1 Sawy. 238; [1] 2 Chi. Leg. News, 397.]

Circuit Court. D. Oregon. July 26, 1870.

COVENANTS IN DEEDS—ESTATE IN EXPECTANCY—OREGON DONATION ACT—POSSESSORY RIGHTS.

1. No covenant is implied from the use of the words in a deed, "bargain, sell and quitclaim."
[Cited in Traver v. Baker, 15 Fed. 190.]

2. A bargain, sale and quitclaim of all a party's "right, title or interest" in real property, "whether in possession or expectancy," passes nothing but what is then vested in the bargainor.
[Cited in Traver v. Baker, 15 Fed. 192; Felix v. Patrick, 145 U. S. 317, 12 Sup. Ct. 866.]

3. An estate in expectancy does not include a mere hope or possibility, without present interest.

4. A covenant, that the bargained premises are free from encumbrances caused by the grantor, is not prospective, and is limited to the acts of the grantor.

5. A covenant against the claim, right or title of any person claiming through the grantor, is equivalent to a special covenant of non-claim or warranty.

6. Such a covenant only operates upon the estate which the grantor then had in the premises, and does not prevent him or his heirs from asserting an after-acquired title to the same premises.

In equity.

W. Lair Hill and Walter W. Thayer, for complainants.

Erasmus D. Shattuck, for defendants.

DEADY, District Judge. This suit was commenced November 26, 1869. From the bill, and amendment thereto made January 4, 1870, it appears:

I. That the plaintiffs, John R. Lamb, and Emma Lamb his wife, and Ida Squires, her sister, are citizens of the state of Kentucky, and that the defendants, Jacob Kamm, Mary E. Cooper, and Millard O., Ruth A. and James P. O. Lownsdale, are citizens of the state of Oregon.

II. That on May 4, 1862, Daniel H. Lownsdale died intestate at the city of Portland, Oregon, seized in fee simple of the west halves of lots 5 and 6 in block 39, in said city of Portland, leaving as his only heirs at law the aforesaid defendants, except Kamm, and the aforesaid Emma and Ida; the said Emma and Ida being the children of Sarah M. Squires, a deceased daughter of said Daniel H., and the other of said heirs being his children; and that the heirs aforesaid are now seized in fee simple of the premises aforesaid as tenants in common—

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

the said Emma and Ida being so seized of one tenth each of said premises, and the other four heirs of one fifth each thereof; and the plaintiffs' interests in the premises are of the value of more than $2,000.

III. That the defendant Kamm claims some interest in the premises, and pretends to derive some right thereto from Daniel H., by virtue of a deed executed by said Daniel H., together with Stephen Coffin and W. W. Chapman, to said Chapman on August 9, 1850, and a subsequent deed from said Chapman to Simon B. Marye, and a deed from said Marye to said Kamm, and that by the deed of August 9, 1850, aforesaid, the grantors therein, on consideration of the sum of $11,000, among other lots or parcels of land, did bargain, sell and quitclaim to said Chapman, his heirs and assigns forever, all their right, title, interest, estate, claim, property and demand whatsoever, both at law and in equity, as well in possession as expectancy, to all that piece, parcel or lot of land lying and situate in Portland, Washington county, to wit: lots numbered 5 and 6 in block 39, with all and singular the hereditaments, etc., free from all incumbrances caused or permitted by them, their heirs, etc.,—and "free from the claim, right or title of all and every person or persons claiming by, through or under them, their heirs, etc., but not further or otherwise."

IV. That at the date of the execution of the deed of August 9, 1850, the premises belonged to the United States and were a part of the public land thereof; and that afterwards and before the death of said Daniel H., the United States did grant said premises to said Daniel H., who died seized thereof as aforesaid, and the same descended to his heirs at law aforesaid, unaffected by said deed. Wherefore, the plaintiffs pray that their title to the premises may be declared, and that the same may be partitioned between themselves and their co-heirs aforesaid.

The defendants, except Kamm, being in fact united in interest with the plaintiffs, make no answer or defense to the bill. On February 1, 1870, the defendant Kamm demurred to the bill, and assigned for causes of demurrer: I. That it appears from the bill that the plaintiffs have no right to a partition of the premises; and II. That it appears that Kamm claims title to the premises adversely to the plaintiffs; and that the title is in dispute, and that of the plaintiffs at least doubtful.

As against the defendant Kamm, the plaintiffs do not seek partition, but to have their title declared and quieted. If this defendant has no interest in the property as alleged in the bill, then he has no interest in the question of partition, nor any right to object to a partition of the premises between the owners thereof. On the other hand, if the plaintiffs are barred by the deed of their ancestor

from claiming any interest in this land, as against Kamm or other person claiming under the deed of August 9, 1850, then they have nothing in the premises to partition.

So far as the title is concerned, it is true that Kamm claims adversely to the plaintiffs. If it were not so, this suit to quiet the title would not have been brought. To ascertain whether this claim of Kamm's is well founded or not, and if the latter, to relieve the plaintiffs therefrom, is one of the objects of this suit—and so far as Kamm is concerned, is the only one. Again, there can be no question but that as between Kamm and the plaintiffs there is a dispute as to the title of the property, but how that fact in any way militates against the plaintiffs' right to maintain this suit against Kamm is not perceived. On the contrary, without such adverse claim and dispute between the parties there would be neither occasion or right to maintain a suit to quiet title. These, then, are no sufficient causes of demurrer.

Kamm's right to the premises rests upon the effect to be given to the deed of Daniel H., Coffin and Chapman to Chapman, of August 9, 1850. The operative words in the granting clause of the deed are "bargain, sell and quitclaim." At common law no covenant was implied from the use of these words in any case. Frost v. Raymond, 2 Cains, 190; Rawle, Cov. 475. Neither was any covenant implied from the use of these words by the statute regulating conveyances, then in force in the territory of Oregon. Or. Archives, 138, "Conveyances." The grantors only undertake to dispose of their then "right, title and interest" in the premises, and that was only the bare possession. Field v. Squires [Case No. 4,776]. It is true they also made use of the words "estate, claim, property and demand whatsoever, both at law and in equity, as well in possession as in expectancy," but these add nothing in legal effect to the phrase which precedes them —"right, title and interest."

On the argument, counsel for the defendant sought to give some special signification to the word "expectancy" as indicating a sale or disposition by the deed of any interest in the premises which the grantors might then for any reason expect to acquire in the future. But no such effect can be given to the word. Although, where a deed contains proper covenants, an after acquired estate in the property may pass to the grantee by operation of such covenants, yet no estate in real property can be bargained, sold or released before it is acquired by the grantor. As to the term of their enjoyment, estates in real property are divided into estates in possession and expectancy. Of expectancies, there are two sorts: One created by the act of the parties, called a "remainder"; the other by act of law, and called a "reversion." 2 Bl. Comm. 131. But in both

these instances of estates in expectancy, the estate is already vested in the party entitled to it, but limited to take effect and be enjoyed after another estate in the same premises is determined. Id. 132, 141. But a mere expectation or belief that a party will at some future time acquire an interest in certain property, is not itself an estate or interest of any kind, and cannot be conveyed by deed. For instance, a son who is heir apparent to his father, may reasonably expect to inherit the latter's property, but an expectation or hope not being an interest in the property, it is well settled that the deed of the heir under such circumstances conveys nothing and is inoperative. 2 Washb. Real Prop. 646, 647.

The deed in question contains no covenants in form, but does contain two clauses or declarations which must be construed to have the legal effect of covenants. One of these is in effect a covenant against incumbrances caused or permitted by the grantors, and the other is a covenant against the claim, right or title of any person claiming through the grantors. Both these covenants are qualified—that is, limited to the acts of the grantors. It is not pretended that the one against incumbrances would have prevented Daniel H., or now prevents his heirs, from setting up the title to the premises subsequently acquired from the United States. The grant of the premises to Daniel H. by the United States was not an incumbrance caused or permitted by him. Besides, this covenant is not in its nature prospective, and only refers to incumbrances existing at the date of the deed.

The second covenant is, in effect, a special covenant of non-claim, which is similar to the ordinary covenant of warranty. Rawle, Cov. 222. This covenant only operates upon the estate which Daniel H. then had in the premises, which was the bare possession. As was said by this court, in Lamb v. Burbank [Case No. 8,012]: "It is well settled that such a covenant only refers to the existing title or interest granted, and does not bar the covenantor from claiming the same premises against his own covenantee or grantee by title acquired subsequent to the making of his own deed." 2 Washb. Real Prop. 665; Comstock v. Smith, 13 Pick. 116; Trull v. Eastman, 3 Metc. (Mass.) 129.

At the time Daniel H. made this covenant against any person claiming through himself, he had no estate or interest in the premises except the bare possession. That the title was in the United States was well known to all the parties to the deed—particularly the grantee, Chapman. Afterwards the United States saw proper to grant the premises to Daniel H., and the "claim, right or title" now set up to the premises by his heirs, is that of the United States, and not that covenanted against by their ancestor. It follows from these conclusions, that the

heirs of Daniel H. are, as they claim, the owners in fee simple of the premises, and that the defendant, Kamm, has no interest therein or right thereto. The demurrer is overruled.

[NOTE. For a similar case, brought by the same plaintiffs against different defendants upon substantially the same facts, see Lamb v. Burbank, Case No. 8,012. For other suits by the same plaintiffs against other claimants of interest in the "Portland Land Claim," see Cases Nos. 8,024, 8,015, 8,023. For suits brought against these plaintiffs in the same matters, see Cases Nos. 4,769, 4,775, 4,776. For suits brought by the plaintiffs for their interest under Nancy Lownsdale, see Cases Nos. 8,021, 8,022, 8,013.]